MICHAEL J. HALE, Appellant, v. THE STATE
OF NEVADA, Respondent.

No. 18688

June 30, 1989 776 P.2d 547

*Frederick B. Lee,* Public Defender, Elko County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Mark D. Torvinen,* District Attorney and *John S. McGimsey,* Deputy, Elko County, for Respondent.

## OPINION

*Per Curiam:*

On November 1, 1986, undercover agent Jack Davis of the Nevada Division of Investigations purchased marijuana from appellant Michael Hale. The police subsequently arrested Hale and charged him with sale of a controlled substance. At trial, the

district court admitted hearsay evidence of Hale's predisposition to sell drugs. Hale objected on relevancy grounds, contending that predisposition evidence was irrelevant because he had not raised the affirmative defense of entrapment. The district court held that the evidence was admissible under Shrader v. State, 101 Nev. 499, 706 P.2d 834 (1985).[1]

The jury found Hale guilty of sale of a controlled substance, and the district court sentenced Hale to four years imprisonment, which it suspended, and placed Hale on probation for a term not to exceed three years.

Hale now contends that the district court erred by admitting predisposition evidence. Specifically, Hale contends that the district court mistakenly relied upon *Shrader*. We agree.

■■■

The district judge perceived that our holding in *Shrader* required the State to present predisposition evidence whenever the police utilize an undercover agent. In *Shrader,* we were concerned with the indiscriminate encouragement of crime by the police. Shrader was led astray by an overzealous police informant who had no reason to believe that Shrader was predisposed to sell marijuana. *Id.* at 502, 706 P.2d at 836. To prevent the police from ensnaring the innocent, we created a prophylactic rule: if the police wish to use undercover agents to ferret out crime, they must have particularized suspicion that the person targeted is predisposed to commit the crime. *Id.* at 501, 502, 706 P.2d at 836. Thus, in *Shrader* we were not confronted with the question of under what circumstances a trial court should admit evidence of predisposition. We did not intend to say in *Shrader* that the admissibility of this type of highly prejudicial evidence is governed by the tactics the police choose to use in uncovering crime. The admissibility of such evidence should be determined by the principles of relevancy. Evidence of a defendant's predisposition is relevant only after a defendant in some way raises the affirmative defense of entrapment. If a criminal defendant chooses not to raise the affirmative defense of entrapment, evidence of predisposition is irrelevant and inadmissible.[2] Townsend v. State, 418 N.E.2d 554 (Ind.App. 1981), *cert. denied,* 455 U.S. 992 (1982);

---

[1] Hale also contends that the district court erred when it overruled his hearsay objection. Because Hale's first contention is dispositive of the entire matter, we do not need to reach this issue.

[2] However, to be entitled to a jury instruction on entrapment, a defendant must indicate in some fashion that he intends to use this defense in time for the State to present rebuttal evidence. *Townsend v. State,* 418 N.E.2d 554 (Ind.App. 1981), *cert. denied,* 455 U.S. 992 (1982).

State v. Amodei, 563 P.2d 440 (Kan. 1977). Moreover, we cannot say without reservation that the verdict would have been the same absent evidence which the district court termed "very detrimental."

Accordingly, we conclude that the judgment of conviction must be reversed and remanded for a new trial.